Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of shell strands the same in all material respects as the articles involved in *Puerto Rican Handcrafts* v. *United States* (30 Cust. Ct. 18, C. D. 1493), the claim of the plaintiffs was sustained.

**No. 57588.**—American Express Co. et al. *v.* United States, protests 158946–K, etc. (New York).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content per cent" in the schedule attached to and made a part of the decision in this case.

**No. 57589.**—W. R. Grace & Co. et al. *v.* United States, protests 178443–K, etc. (New York).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content" in the schedule attached to and made a part of the decision in this case.

**No. 57590.**—Frank P. Dow Co., Inc. (Samuel S. Perry) *v.* United States, protests 78771–K, etc. (Los Angeles).